a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DARREL TOUBYA THOMAS,<br>Petitioner | CIVIL ACTION NO. 5:19-CV-1660-P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| JERRY GOODWIN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF Nos. 1, 6) filed by *pro se* Petitioner Darrell Toubya Thomas ("Thomas"). Thomas is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. Thomas claims the state lacked jurisdiction to convict him, that the state has no authority to incarcerate him, that his incarceration is slavery, and that the state failed to pay a bond to try him. ECF Nos. 1, 6.

Because Thomas's claims are procedurally defaulted and meritless, the Petition (ECF No. 1, 6) should be DENIED and DISMISSED WITH PREJUDICE.

### I.    Background

Thomas was convicted of attempted first-degree murder, and sentenced as a second-felony offender to serve 55 years of imprisonment at hard labor without parole eligibility. *State v. Thomas*, 2017-0649 (La. 6/26/19); 284 So.3d 622, 623. Thomas filed a motion for new trial, which was denied. *Id.* The appellate court affirmed the

conviction and sentence. *State v. Thomas*, 48,530 (La. App. 2 Cir. 12/4/13), 131 So.3d 84.

Thomas filed an application for post-conviction relief. *Thomas*, 284 So.3d 622, 625. Following an evidentiary hearing, the trial court found that Thomas was entitled to a new trial because his attorney rendered ineffective assistance. *Id.* The state petitioned for a supervisory writ, which was granted. *Id.* The Louisiana Supreme Court held that Thomas failed to show ineffective assistance. *Id.* The court vacated the trial court's ruling that granted Thomas a new trial, and reinstated the conviction and sentence. *Id.* at 626.

In his § 2254 Petition, Thomas argues that he is entitled to habeas relief because "[t]hese are foreign agents that have no jurisdiction over my soul." ECF No. 6 at 5. Thomas argues that he "did not committ [sic] rape, robbery or murder which are the only grounds of incarceration." *Id.* at 7. Thomas argues that he is "wrongfully being detained which is called peonage." *Id.* at 8. Finally, Thomas claims that no one has paid a $100,000.00 bond in order to have a trial. *Id.* at 10.

II.     Law and Analysis

Before seeking federal habeas corpus relief, a state prisoner must exhaust available state remedies, thereby giving the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); 28 U.S.C. § 2254(b)(1). To provide the state with this

necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. at 29-32 (rejecting the argument that a petitioner "fairly presents" a federal claim, despite failing to give any indication in his appellate brief of the federal nature of the claim through reference to any federal source of law, when the state appellate court could have discerned the federal nature of the claim through review of the lower state court opinion); *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (claim for federal relief must include reference to a specific constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief).

Procedural default exists where: (1) a state court clearly and expressly bases its dismissal of the petitioner's constitutional claim on a state procedural rule and that procedural rule provides an independent and adequate ground for the dismissal ("traditional" procedural default); or (2) the petitioner fails to properly exhaust all available state court remedies, and the state court to which he would be required to petition would now find the claims procedurally barred ("technical" procedural default). *See Bledsue v. Johnson*, 188 F.3d 250, 254 (5th Cir. 1999). In either instance, the petitioner is considered to have forfeited his federal habeas claims. *Id.*

Thomas filed an application for post-conviction relief raising ineffective assistance of counsel. However, Thomas does not raise the ineffective assistance claim in his § 2254 Petition. Instead, Thomas raises new claims of lack of jurisdiction,

3

payment of bonds, and slavery. *See* ECF No. 6 at 5-10. These claims were not presented to the state courts on appeal or in Thomas's post-conviction application. Therefore, the claims area not "traditionally" exhausted.

Because Thomas fully litigated his post-conviction application in the state courts, he would now be barred from filing a second or successive application raising the new claims. *See Thomas*, 284 So.3d at 626 (citing La. C. Cr. P. arts. 930.4, 930.6, 930.8). Therefore, Thomas's claims are "technically" procedurally defaulted.

A habeas petitioner can overcome a procedural default by showing cause and actual prejudice for his default, or demonstrating that the federal court's failure to review the defaulted claim will result in a "fundamental miscarriage of justice." *Glover v. Cain*, 128 F.3d 900, 902 (5th Cir. 1997). To establish cause, the petitioner must show that some external, objective factor impeded his efforts to raise the claim in a procedurally proper manner. "Examples of external impediments include active governmental interference or the reasonable unavailability of the factual or legal basis for the claim." *Hughes v. Quarterman*, 530 F.3d 336, 341 (5th Cir. 2008) (quoting *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997)) (internal quotations omitted).

A finding of fundamental miscarriage of justice, on the other hand, depends on a "colorable showing of factual innocence." *Kuhlmann v. Wilson*, 477 U.S. 436, 434 (1986). The factual innocence standard means that the petitioner must show a fair probability that, considering all of the evidence now available, the trier of fact would

have entertained a reasonable doubt as to the defendant's guilt. *Campos v. Johnson*, 958 F. Supp. 1180, 1195 (W.D. Tex. 1997).

Thomas cannot show an external cause for his failure to raise the § 2254 claims in his post-conviction proceedings. Nor can Thomas establish a fundamental miscarriage of justice. Thomas does not assert he is actually innocent of attempted first-degree murder by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Glover v. Cain*, 128 F.3d 900, 904 (5th Cir. 1997). Thomas has not shown as a factual matter that he is actually innocent of the crime. *See Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998); *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995). Thus, Thomas cannot establish that he will suffer a fundamental miscarriage of justice from this court's failure to consider the unexhausted, but procedurally defaulted, federal constitutional claims.

Regardless, Thomas's claims are frivolous. Louisiana law provides: "Courts have the jurisdiction and powers over criminal proceedings that are conferred upon them by the constitution and statutes of this state, except as their statutory jurisdiction and powers are restricted, enlarged, or modified by the provisions of this Code." C. Cr. P. art. 16. The Louisiana Constitution grants original jurisdiction to Louisiana's district courts over all civil and criminal matters, and exclusive original jurisdiction over felony cases, such as Thomas's. La. Const. art. V § 16. Therefore, Thomas's jurisdictional claim lacks merit.

Thomas's claim that incarceration is only allowed for rape, robbery, or murder is also meritless. ECF No. 6 at 7. Louisiana law clearly provides for jail sentences for a variety of other offenses, including attempted first-degree murder. La. R.S. 14:27.

Thomas argues that he is "wrongfully being detained which is called peonage." ECF No. 6 at 8. "There is no viable issue of peonage, slavery, or involuntary servitude, when a person has been 'duly tried, convicted and sentenced in accordance with the law.'" *Russell v. Cockrell*, 3:01-CV-1425, 2003 WL 21750862, at *8 (N.D. Tex. July 25, 2003) (citing *Ali v. Johnson*, 259 F.3d 317, 318 n. 2 (5th Cir. 2001)).

Finally, Thomas claims that no one has paid a $100,000.00 bond in order to have a trial. ECF No. 6 at 10. Thomas's claim is nonsensical and unsupported.

## III.    Conclusion

Because the claims are procedurally defaulted and meritless, IT IS RECOMMENDED that Thomas's § 2254 Petition (ECF Nos. 1, 6) be DENIED and DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court.  The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2).  A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 20th day of February 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7